The Chief Justice
delivered the opinion of the court.
On the 18th of May, 179⅞, Rodgers sold to John For-man 900 acres of South’s pre-emption, and with South and Carr as his sureties, executed a bond for a conveyance thereof, with general warranty. John Forman afterwards assigned this bond to William and Aaron Forman, who gave their bond to convey to him 100 acres when they obtained a conveyance.
Craig having an elder patent for 500 acres, interfering with the 900 acres of South’s pre-emption, brought eject-ments against the Formans, and recovered judgments; to stay proceedings upon which, William and Aaron Forman filed their bill in chancery, with injunction, alledging that South’s claim was, in equity, superior to that of Craig’s. To this bill they make Craig, Rodgers, South, Carr, and John'Forman defendants, and prayed if South’s pre-emption should be deemed superior to Craig’s claim, that Craig should be decreed to relinquish and Rodgers be compelled to convey to them with general warranty; but if South’s pre-emption should not turn out to be valid, that Rodgers, South and Carr should make them compensation, in money, for the land that was lost; and they also prayed for such other and further relief as the equity of their case might require. Pending the suit, the complainants purchased a part of Dunaway’s pre-emption, interfering with both South’s and Craig’s claim, and in an amended bill alledged it to be superior to either,
A vendor setting land by bo:id, for a part of which there is an adverse eider patent, may be joined ill the action brought . by the vendee to quiet the title — secus if before bring* ing the suit the vendor hadconvey’d.
If a vendor is abie to make. a title for a part only of the bnd. sold, the election devolves entlie vendee to take the ti-, tie for so much as can be made, and go for damages as to the rtmainder.or go fir damages as to the wi'.oL: liar. 41. r cc .
The jurit-dieti-.n of ⅜ court of than-cory ¡i;e at-lached, wijl. not be dives% ed by a lis ypendens ex pa~ e procedure.
*427 Qn a final hearing of the cause, the circuit court sustained the bill, and gave relief against Craig as to the interference with Dunaway’s pre-emption, but deeming South’s claim invalid, dismissed the bill as to it, and refused to give the complainants relief over against Rodgers and his sure-ties. To reverse that decree this writ of error is prosecuted by the complainants.
There is no question made as to the propriety of sustaining Dunaway’s claim and giving relief against Craig to that extent, and as there can be no pretence for urging that South’s claim is a valid one, the decree dismissing the bill as to it, is, without doubt, correct.
The only question, therefore, which merits serious consideration is, whether the circuit court erred in refusing to to give to the complainants relief over against Rodgers and his sureties.
As Craig held the legal title to a part of the land which Rodgers and his sureties had given their obligation to convey, we can perceive nothing improper in joining them in the same suit, provided the case with respect to the latter Was proper for the interposition of a court of equity on the event of the complainants not obtaining the relief sought against the former.
That the present is a case of that kind, we have no doubt; fpr notwithstanding Craig holds the legal'title of a part of the land'soldby Rodgers, the legal title of a part is still in Rodgers, and although he couldi not compel the complainants to receive a conveyance for a part without being able to convey the whole, vet they may, if they choose, accept of a conveyance of a part, and insist upon 3 compensation for the residue, the conveyance of which he is unable to fnake.
If Rodgers, before the commencement of the suit, had executed the contract on his part, there would have been no foundation for the jurisdiction of a court of equity; but this does not appear to be the case. He alledges, indeed, that he had executed a deed of conveyance, and files one with his ansv^er, but it bears date long subsequent to the commencement of the suit, and it does not appear"ever to have been in the possession of the complainants, nor is there any proof of their having accepted it, or of its having been made with their knowledge or consent, and most certainly a court of equity cannot, by an ex parte procedure of *428 this sort, be divested of a jurisdiction which has once attached.
Wickliffe for appellants, Blair for appellees.
Thé decree of the circuit court, therefore, though right in other respects, is erroneous in dismissing the bill as to Rodgers and his sureties. ,
The decree must be affirmed as to Craig, and reversed, with costs so far as it dismisses the bill as to Rodgers, South and Carr, and the cause must be remanded to the circuit court for proceedings to be had not inconsistent with the foregoing opinion.